**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TYRONE RASHEED BROWN, <br><br>               Petitioner, <br><br>      v. <br><br><br> WARDEN DONALD J. LOMB, <br><br>               Respondent. | Civ. Action No. 26-3999 (JXN) <br><br><br><br> **OPINION** |

**NEALS**, District Judge

This matter comes before the Court on *pro se* Petitioner Tyrone Rasheed Brown's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2241 (ECF No. 1) and an Emergency Motion for Immediate Release (ECF No. 2). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Petition is dismissed without prejudice and Petitioner is denied a certificate of appealability.

## I.    BACKGROUND

According to his Petition, Petitioner is a pretrial detainee currently confined at Cape May County Correctional Facility, in New Jersey. (ECF No. 1 at 1.) Petitioner challenges his pre-trial detention. (*See generally id.*) Petitioner argues that his pre-trial detention violates his Fourth, Fifth,

Sixth, and Fourteenth Amendment rights. (*Id.* at 1.) Petitioner challenges the constitutionality of the search warrant and the results of the warrant. (*Id.* at 2-3.) Petitioner raises a speedy trial rights claim and various other claims related to his arrest and pretrial detention. (*Id.* at 2-4.)

Petitioner seeks immediate release. (ECF No. 2.)

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The

Third Circuit in *Moore* therefore held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

### III.    DISCUSSION

In his Petition, Petitioner seeks to challenge his pending criminal proceedings by raising claims regarding the validity of his search warrant, the resulting seizures, his speedy trial rights and various other claims. (*See generally* ECF No. 1.) Petitioner does not assert that he has exhausted any claims in state court. Additionally, there is nothing extraordinary about the claims Petitioner raises, which include the validity of his search warrant and the results. (*Id.*) Petitioner therefore appears to be attempting to prematurely raise his criminal defenses via habeas, a tact Third Circuit caselaw will not allow. *See Duran*, 393 F.3d at 4 (affirming dismissal of § 2241 habeas petition by state pretrial detainee alleging in part he was subject to warrantless arrest and was detained without probable cause hearing because petitioner did not exhaust and failed to show extraordinary circumstances); *Moore*, 515 F.2d at 445 ("We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."); *Id.* at 449 ("alleged speedy trial claims are not exceptional circumstances sufficient to warrant pre-trial habeas jurisdiction.")

Petitioner has failed to present claims over which the Court can exert pre-trial habeas jurisdiction as Petitioner has not exhausted his claims nor presented extraordinary circumstances warranting habeas relief without exhaustion prior to his criminal trial.

Petitioner must first exhaust his claims before all levels of the New Jersey courts and, if he is unsuccessful, he may then present his claims to this Court in a petition for writ of habeas corpus. *See Moore*, 515 F.2d at 445 (stating that adequate state-court review remains available to the petitioner "at trial and thereafter, on appellate review"). Accordingly, the Petition is dismissed without prejudice.

## IV.   CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice. Petitioner's Motion for Immediate Release (ECF No. 2) is dismissed as moot. An appropriate order follows.

DATED: 4/17/2026

_____

JULIEN XAVIER NEALS
United States District Judge

4